FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 21 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CHRIS JENSEN,
an individual

    Plaintiff,

vs.

CASE NO: 4.18cv568-KGB

RACERS INC LLC and THE WITKOWSKI
FAMILY LIMITED PARTNERSHIP

    Defendant.

_____/

This case assigned to District Judge Baker
and to Magistrate Judge Ray

## COMPLAINT

Plaintiff, Chris Jensen ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues RACERS INC LLC, and THE WITKOWSKI FAMILY LIMITED PARTNERSHIP, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3. Plaintiff, Chris Jensen (hereinafter referred to as "Jensen") is a resident of the

1

State of Arkansas and is a qualified individual with a disability under the ADA. Jensen suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has a T10 spinal cord injury, requires a wheelchair for mobility. Prior to instituting the instant action, Jensen visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 12 of this Complaint, which Plaintiff personally encountered. Jensen continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant RACERS INC LLC, is a limited liability company and is conducting business in the State of Arkansas. Upon information and belief, RACERS INC LLC, (hereinafter referred to as "RACERS or Defendant") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically the Speed Shop located at 5913 Crystal Hill Rd, North Little Rock, Arkansas (hereinafter referred to as the "Store").

5. The Defendant the WITKOWSKI FAMILY LIMITED PARTNERSHIP, is a limited partnership and is conducting business in the State of Arkansas. Upon information and belief, WITKOWSKI FAMILY LIMITED PARTNERSHIP (hereinafter referred to as "WITKOWSKI or Defendant") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically the Speed Shop located at 5913 Crystal Hill Rd, North Little Rock, Arkansas (hereinafter referred to as the "Store").

6. All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Store owned and/or operated by Defendants are a place of public accommodation in that they are retail Store that is owned and operated by a private entity that provides goods and services to the public.

9. Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Store owned and/or operated by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's' premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Store, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Store in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated

against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

12. RACERS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

> i. There is no accessible or van accessible parking provided in the parking lot;
>
> ii. There is no accessible route to the entry due to a step up onto a sidewalk from the parking lot that is not ramped;
>
> iii. The main entry door lacks accessible hardware and requires tight grasping, pinching and/or twisting of the wrist to operate.

13. There may be other current barriers to access and violations of the ADA at the Store owned and operated by Defendants which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Store, a place of public accommodation, accessible to persons with

disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this __17th__ day of August, 2018.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone:   (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

6